UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20220-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANIEL MARTINEZ ZAMORA,

      Defendant.

_____/

## ORDER

THIS MATTER came before the Court on the Motion for Return of Property (DE#
218, 5/18/18) filed by non-party Marlene Aleman Martinez (hereinafter "petitioner").[1]
This matter was referred to the undersigned by the Honorable Joan A. Lenard, United
States District Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b).
See Endorsed Order (DE# 219, 5/18/18).

## BACKGROUND

Daniel Martinez Zamora (hereinafter "defendant") was charged by indictment in
the Southern District of Florida with conspiracy to sell and distribute a pre-retail medical
product in violation of Title 18, United States Code, Section 670(a)(6) (Count 1), intent
to defraud, sell or distribute an expired or stolen pre-retail medical product in violation of
Title 18, United States Code, Section 670(a)(5) (Count 2) and two counts of
Possessing, Transporting and Trafficking Stolen Pre-Retail Medical Products in

---

[1] The petitioner filed a letter to the Court which the undersigned is liberally
construing as a motion for the appointment of counsel and for the return of property. See
Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); see also 21 U.S.C.
§ 853(o) (stating that "[t]he provisions of this section shall be liberally construed to
effectuate its remedial purposes.").

violation of Title 18, United States Code, Section 670(a)(3) (Counts 3 and 4). See

Indictment (DE# 2, 4/9/14). The Indictment included a criminal forfeiture allegation for

"all property, real and personal, which constitutes or is derived from proceeds traceable

to a violation of the afore-stated offenses." Id.

On June 23, 2014, the defendant pled guilty to Counts 1 and 4 of the Indictment

pursuant to a written plea agreement. See Plea Agreement (DE# 88, 6/24/14). In the

Plea Agreement, the defendant:

> agree[d] to forfeit to the United States voluntarily and immediately all of
> his right, title and interest in all funds that, pursuant to Title 18, United
> States Code, Section 981(a)(1)(C), **constitute or [were] derived from
> proceeds the defendant obtained, directly or indirectly as a result of
> the unlawful activity as set forth in Count One, or is property
> traceable to such property**. The defendant specifically agree[d] to
> forfeiture of the following three vehicles: 1) 2010 Cadillac, VIN:
> 1GYUCJEFXAR179778; 2) 2009 Mercedes, VIN:
> W1785K71176917143767; 3) 2005 Maserati, VIN : ZAM
> CE39A350014702.

Id. at ¶ 4 (emphasis added). These vehicles were seized in April and September of

2014. See Motion for Entry of Written Forfeiture Order (DE# 212 at 1, 1/26/18).

On September 22, 2014, the defendant was sentenced to a term of 48 months

imprisonment as to Counts 1 and 4, concurrently, followed by three years of supervised

release, a $200.00 assessment and $2,347,061.22 in restitution. See Judgment in a

Criminal Case (DE# 152, 9/24/18).

On January 26, 2018, the government filed its Motion for Entry of Written

Forfeiture Order (DE# 212, 1/26/18) seeking a written order of forfeiture as to the three

vehicles identified in the defendant's Plea Agreement (DE# 88, 6/24/14). On March 15,

2018, the Court entered an Order of Forfeiture (DE# 213, 3/15/18). The Court's Order

of Forfeiture (DE# 213) required the government to "notify any third party who may have an interest in the property ordered forfeited, in accordance with the notice provisions of Fed. R. Crim. P. 32.2(b)(6)." Id.

On May 18, 2018, the petitioner filed the instant Motion for Return of Property (DE# 218, 5/18/18) (hereinafter "Motion"). The petitioner states that she is the defendant's wife. Id. The petitioner seeks the appointment of counsel and the return of the three vehicles. Id. The government filed its response on June 12, 2018. See United States Response in Opposition to Third-Party Petitioner's Claim to Three Forfeited Vehicles (DE# 223, 6/12/18) (hereinafter "Response"). No reply was filed.

## ANALYSIS

**1.      Request for the Appointment of Counsel**

At the outset, the petitioner seeks the appointment of counsel to represent her in recovering the three vehicles. The government argues that the petitioner is not entitled to court-appointed counsel under the circumstances of this case:

> Pursuant to Title 18, United States Code, Section 983(b), in an in rem civil forfeiture proceeding, presuming that the claimant would otherwise have standing to contest forfeiture, counsel can be appointed if: the claimant is a defendant in a related criminal case (18 U.S.C. § 983(b)(1)(A)) or if the action involves real property that is the primary residence of the claimant (18 U.S.C. § 983(b)(2)(A)).

Response at 3. The government notes that the petitioner is not a defendant in a related criminal case and that the property at issue is not a primary residence. Id.

The petitioner has not demonstrated that the appointment of counsel is warranted in these proceedings. The undersigned has reviewed the instant Motion and finds that the request for court-appointed counsel should be **DENIED**.

**2.      Request for the Return of Property**

The petitioner is seeking the return of three vehicles – a Cadillac, a Mercedes

and a Maserati – which were the subject of the Court's Order of Forfeiture (DE# 213).

The government opposes the return of the Cadillac and the Mercedes. The government

notes that the Cadillac and the Mercedes were acquired and titled in the petitioner's

name on March 22, 2013 and April 6, 2013, respectively. Response at 4. Counts 1 and

4 of the Indictment charge the defendant with criminal conduct from approximately

November 2012 through approximately October 2013. See Indictment (DE# 2, 4/9/14).

Additionally, the defendant admitted in the Plea Agreement that the Cadillac and the

Mercedes constituted or were derived from the proceeds of the unlawful activity:

> [The defendant] agree[d] to forfeit to the United States voluntarily and
> immediately all of his right, title and interest in all funds that, pursuant to
> Title 18, United States Code, Section 981(a)(1)(C), **constitute or [were]**
> **derived from proceeds the defendant obtained, directly or indirectly**
> **as a result of the unlawful activity as set forth in Count One, or is**
> **property traceable to such property**. The defendant specifically
> agree[d] to forfeiture of the following three vehicles: 1) 2010 Cadillac, VIN:
> 1GYUCJEFXAR179778; 2) 2009 Mercedes, VIN:
> W1785K71176917143767; 3) 2005 Maserati, VIN : ZAM
> CE39A350014702.

Plea Agreement (DE# 88 at ¶ 4, 6/24/14).

Although the defendant's admission in the Plea Agreement includes the

Maserati, the government notes that "it was acquired and placed in Petitioner's name

on April 2, 2010, a time prior to the crimes committed by Defendant." Response at 4. In

light of this, the government states that "[i]t appears that the Order of Forfeiture could

be modified, and the Maserati returned to Petitioner, presuming that Petitioner is able to

demonstrate she paid for the vehicle and the vehicle was not merely a gift." Id. at 4-5.

Title 21, United States Code, Section 853(n) addresses third-party interests in criminal forfeiture proceedings. It states in pertinent part that:

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) **The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought**.

21 U.S.C. § 853(n)(2)-(3) (emphasis added).

The instant Motion, even construed liberally, does not comport with section 853(n)(3) because it is not signed under penalty of perjury (or even signed). Additionally, the petitioner has the burden of establishing by a preponderance of the evidence that she "has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." Id. at § 853(n)(6)(A). Accordingly, it is

ORDERED AND ADJUDGED that the petitioner's request for court-appointed counsel is **DENIED**. It is further

ORDERED AND ADJUDGED that on or before **Monday, July 30, 2018**, the petitioner shall file a proper petition which is "signed by the petitioner under penalty of

perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought" in accordance with 21 U.S.C. § 853(n)(3). It is further

ORDERED AND ADJUDGED that an evidentiary hearing shall take place before the undersigned on **Wednesday, August 8, 2018**, at **9:30 AM,** at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, **9th Floor**, Miami, Florida 33128. **At the evidentiary hearing, the petitioner shall be prepared to testify and present evidence and/or witnesses on her own behalf**. Request for continuance of this cause shall not be considered unless addressed to this Court in the form of a written motion. **The failure to file the proper petition or appear at the August 8, 2018 evidentiary hearing may result in the denial of the petitioner's request for the return of the vehicles**.

DONE AND ORDERED in Chambers at Miami, Florida this **28th** day of June, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed and emailed by Chambers to:
Marlene Aleman Martinez
12338 SW 251 Terrace
Homestead, FL 33032
MartinezM1972@gmail.com