UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20220-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL MARTINEZ ZAMORA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Motion for Return of Property (DE# 218, 5/18/18) filed by non-party Marlene Aleman Martinez (hereinafter "petitioner").[1] This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). See Endorsed Order (DE# 219, 5/18/18). Having carefully considered the filings and the applicable law and having noticed a hearing for August 8, 2018,[2] the undersigned respectfully recommends that the Motion for Return of Property (DE# 218, 5/18/18) be **DENIED** in accordance with this Report and Recommendation.

## BACKGROUND

On May 18, 2018, the petitioner filed the instant Motion for Return of Property (DE# 218, 5/18/18) (hereinafter "Motion"). The petitioner stated that she was defendant Daniel Martinez Zamora's wife. Id. The petitioner sought the appointment of counsel and the return of three vehicles. Id. The government filed its response on June 12, 2018. See

---

[1] The petitioner filed a letter to the Court which the undersigned is liberally construing as a motion for the appointment of counsel and for the return of property. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] The petitioner failed to appear at the August 8, 2018 hearing.

United States Response in Opposition to Third-Party Petitioner's Claim to Three Forfeited Vehicles (DE# 223, 6/12/18) (hereinafter "Response"). No reply was filed.

On June 28, 2018, the undersigned issued an Order (DE# 224) denying the petitioner's request for the appointment of counsel and requiring "the petitioner [to] file a proper petition which [was] 'signed by the petitioner under penalty of perjury and . . . set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought' by July 30, 2018." Id. at 5-6 (quoting 21 U.S.C. § 853(n)(3)). The Order also set an evidentiary hearing for August 8, 2018. The Order stated that "[a]t the evidentiary hearing, the petitioner [should] be prepared to testify and present evidence and/or witnesses on her own behalf." Id. at 6. The Order warned the petitioner that "[t]he failure to file the proper petition or appear at the August 8, 2018 evidentiary hearing may result in the denial of the petitioner's request for the return of the vehicles." Id. (emphasis omitted).

To date, the petitioner has not filed a proper petition as required by the undersigned's Order (DE# 224 at 5-6) and 21 U.S.C. § 853(n)(3).

On August 8, 2018, the government filed several emails between the government and the petitioner ranging from June 12, 2018 to August 1, 2018. See United States' Notice of Filing (DE# 225, 8/8/18). In an email dated June 14, 2018, the petitioner wrote: "we will like to leave the situation as is and will like [sic] to move on and leave the cars forfeited. Also we would like to know now if the cars will go towards [the defendant's] restitution." Id. at 2. On the same day, the government responded as follows:

Dear Ms. Martinez:

Your husband appears to owe restitution in an amount in excess of $2

2

> million although that amount is "joint and several" with other co-defendants. See attached document.
>
> I can ask that appropriate officials at the United States Money Laundering and Asset Recovery Section approve the application of funds received from the sale of the vehicles, after expenses, to restitution owed by your husband. That application is not something that the Court can order or that I can guarantee, other than that I will try.
>
> **If such is acceptable to you, can you please write to the Court, advise that you are withdrawing your petition for return of the vehicles, advise that you are seeking to have the funds received from the vehicles (after expenses) applied to restitution owed by your husband and advise that the United States will seek to have that occur?**
>
> Please call or write with questions.

Id. at 1-2 (emphasis added). The government wrote to the petitioner on June 29, 2018 and August 1, 2018 attempting to obtain confirmation from the petitioner that she intended to withdraw the instant motion requesting the return of the vehicles. Id. at 1. The petitioner did not respond to these emails. The government has not heard from the petitioner other than through the emails filed in this case.

The August 8, 2018 evidentiary hearing was scheduled for 9:30 AM. The undersigned waited until 9:41 AM to provide the petitioner with additional time to appear at the hearing. The petitioner failed to appear at the August 8, 2018 hearing and the hearing adjourned at 9:44 AM.

## **RECOMMENDATION**

The petitioner sought the return of three vehicles – a Cadillac, a Mercedes and a Maserati – which were the subject of the Court's Order of Forfeiture (DE# 213). The petitioner failed to file her petition under penalty of perjury and failed to "set forth the nature and extent of the petitioner's right, title, or interest in the [vehicles], the time and circumstances of the petitioner's acquisition of the right, title, or interest in the [vehicles],

[or] any additional facts supporting the petitioner's claim" as required by 21 U.S.C. § 853(n)(3). The petitioner failed to file a proper petition as required by the Court's Order (DE# 224) and failed to appear at the duly noticed evidentiary hearing on August 8, 2018. Based on the foregoing, the undersigned concludes that the petitioner has not shown entitlement to the return of the vehicles.

Accordingly, the undersigned respectfully recommends that the Motion for Return of Property (DE# 218, 5/18/18) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **8th** day of August, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Marlene Aleman Martinez
12338 SW 251 Terrace
Homestead, FL 33032